UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

    Plaintiff,

vs.

FINISH LINE, INC., and DAVID MEYER

    Defendants.
_____/

Case No.
Honorable

1 : 11 -cv- 1474 TWP -TAB

## COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND

Plaintiff Liberty Mutual Fire Insurance Company ("Liberty Mutual") submits this Complaint for Declaratory Judgment and Jury Demand against defendants Finish Line, Inc. ("Finish Line") and David Meyer stating as follows:

### INTRODUCTION

1. Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, this is an action for declaratory judgment to determine and resolve questions of actual controversy concerning the availability and scope of insurance coverage, if any, for Finish Line under the commercial general liability insurance policies issued by Liberty Mutual to first named insured Finish Line (later defined herein as the "Liberty Mutual Policies").

2. This declaratory action stems from an underlying lawsuit against Finish Line and Finish Line store manager David Meyer brought by five female Finish Line employees captioned: *Crystal Antonelli, Anny Chi, Alisha Elam, Analynn Foronda, and Karen Lopez v. Finish Line, Inc. and David Meyer*, Case No. CV-11-3874, filed August 8, 2011 in the United

States District Court for the Northern District of California, San Jose Division (the "Underlying Lawsuit").

3. It is alleged in the Underlying Lawsuit that David Meyer on multiple occasions installed concealed video cameras in the Finish Line employee restroom and general dressing room, and video taped the plaintiff employees and customers in various states of undress.

4. Finish Line has requested insurance coverage (defense and indemnity) from Liberty Mutual under the Liberty Mutual Policies for the allegations in the Underlying Lawsuit.

5. Liberty Mutual disputes whether it owes insurance coverage to Finish Line for the Underlying Lawsuit under the Liberty Mutual Policies and applicable law, as set forth more fully below.

## THE PARTIES, JURISDICTION AND VENUE

6. Liberty Mutual is incorporated in the State of Wisconsin, with its principal place of business in Boston, Massachusetts.

7. Defendant Finish Line, Inc. is, upon information and belief, a Delaware company with its principal place of business in Indianapolis, Indiana.

8. Defendant David Meyer is, upon information and belief, a citizen of the city of Warsaw, Kosciusko County, Indiana.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because diversity of citizenship exists between Liberty Mutual and defendants Finish Line and David Meyer and the amount in controversy exceeds $75,000.00.

10. This Court has personal jurisdiction over Finish Line and David Meyer because both are domiciled within and have significant contacts with the State of Indiana.

11. Venue is appropriate pursuant to 28 U.S.C. § 1391(a) because Finish Line resides within this District.

## THE LIBERTY MUTUAL POLICIES

12. Liberty Mutual issued primary commercial general liability insurance policies TB2-681-035074-050 and TB2-681-035074-051 to first named insured Finish Line, Inc., for the policy periods March 1, 2010 to March 1, 2011, and March 1, 2011 to March 1, 2012, respectively, (the "Liberty Mutual Policies"). (Exhibit A & B, Copies of the Liberty Mutual Policies, which are incorporated by reference herein under Fed. R. Civ. P. 10(c)).

13. The Liberty Mutual Policies include various terms, provisions, definitions, conditions, exclusions and endorsements, and Liberty Mutual incorporates the Liberty Mutual Policies in their entirety as if stated herein.

14. Specifically, paragraph 1.b.(1) of Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability states, in part:

> **b. This insurance applies to "bodily injury"…only if:**
>
> **(1) The "bodily injury"…is caused by an "occurrence"….**
>
> \*   \*   \*
>
> **"Bodily injury" means 1. bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time; and 2. mental anguish, shock or humiliation arising out of injury as defined in paragraph 1.**
>
> \*   \*   \*
>
> **"Occurrence," means: with respect to "bodily injury,"… an accident, including continuous or repeated exposure to substantially the same general harmful conditions.**
>
> \*   \*   \*

15. Paragraph 1.b of Section I – Coverages, Coverage B Personal and Advertising Injury Liability states, in part:

3

> b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business…
>
> \* \* \*
>
> "Personal and advertising injury" means injury, including consequential "bodily injury", rising out of one or more of the following offenses:
>
> \* \* \*
>
> > d. Oral or written publication, in any manner, of material that slanders or libels a person…
> >
> > e. Oral or written publication, in any manner, of material that violates a person's right of privacy.
>
> \* \* \*

16. The Liberty Mutual Policies contain a Recording and Distribution of Material or Information in Violation of Law Exclusion Endorsement (Form No. CG 00 68 05 09), which provides, in pertinent part with respect to Coverage A:

> **This insurance does not apply to:**
>
> > q. **Recording And Distribution Of Material Or Information In Violation Of Law**
> >
> > "Bodily injury"… arising directly or indirectly out of any action or omission that violates or is alleged to violate:
> >
> > \* \* \*
> >
> > (4) **Any federal, state or local statute, ordinance or regulation…that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.**

The Recording and Distribution of Material or Information in Violation of Law Exclusion Endorsement also provides the following, in part, with respect to Coverage B:

> **This insurance does not apply to:**

4

q.  **Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

               \*               \*               \*

(4) Any federal, state or local statute, ordinance or regulation…that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

17.  The Liberty Mutual Policies also contain an Employment-Related Practices Exclusion Endorsement (Form No. CG 21 47 12 07), that provides, in pertinent part, with respect to Coverage A:

This insurance does not apply to:

"Bodily Injury" to:

(1) A person arising out of any:

               \*               \*               \*

(c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination …

               \*               \*               \*

This exclusion applies:

(1) Whether the injury-causing event described in Paragraphs (a), (b) or (c) above occurs before employment, during employment or after employment of that person;
(2) Whether the insured may be liable as an employer or in any other capacity; and
(3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

               \*               \*               \*

The Employment-Related Practices Exclusion Endorsement also provides, in pertinent part, with respect to Coverage B:

> **This insurance does not apply to:**
>
> **"Personal and advertising injury" to:**
>
> **(1) A person arising out of any:**
>
> \* \* \*
>
> **(c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination ...**
>
> \* \* \*
>
> **This exclusion applies:**
>
> **(1) Whether the injury-causing event described in Paragraphs (a), (b) or (c) above occurs before employment, during employment or after employment of that person;**
> **(2) Whether the insured may be liable as an employer or in any other capacity; and**
> **(3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.**

\* \* \*

## GENERAL ALLEGATIONS

18.     The Underlying Lawsuit was filed on August 8, 2011 by five female employees at the Finish Line retail store in Milpitas, California against Finish Line store manager David Meyer and Finish Line for violations of the California Constitution, Civil and Labor Code, common law invasion of privacy, negligence, negligent supervision and retention, intentional infliction of emotional distress, negligent infliction of emotional distress, vicarious liability, and declaratory and injunctive relief. (Exhibit C, Underlying Lawsuit).

19.     The Underlying Lawsuit alleges that Finish Line, "through the actions of its agent [David] Meyer, is liable for any injury caused by the wrongful or negligent acts of [David] Meyer that occurred within the scope of [David] Meyer's employment." (Exhibit C, ¶ 24).

20.     The Underlying Lawsuit also alleges that David Meyer, between approximately December 2009 and April 2010, "secretly placed a concealed video camera in the employee restroom and the general dressing room used by both employees and customers...." (Exhibit C, ¶ 12).

21.     Further, it is alleged that "[t]he videos recorded on the hidden camera were discovered on [David] Meyer's personal computer on or around March 16, 2011" and that such videos clearly show David Meyer "adjusting the camera while wearing his Finish Line Employee T-Shirt." (Exhibit C, ¶ 13-4).

22.     The Underlying Lawsuit states that David Meyer, as store manager, "was in charge of unlocking the employee restroom to allow Plaintiffs to use the restroom...[and] was also in charge of unlocking the general dressing room for employees and customers." It is also alleged that the videotaping and/or recording occurred during store hours, and while David Meyer was performing his managerial duties at Finish Line. (Exhibit C, ¶ 25-6).

23.     Plaintiffs in the Underlying Lawsuit allege that each has suffered "anxiety, insomnia, depression, paranoia, a fear of using public restrooms and dressing rooms, and other related physical and emotional injuries." (Exhibit C, ¶ 18).

24.     On or about August 10, 2011, Finish Line requested insurance coverage (defense and indemnity) from Liberty Mutual for the allegations in the Underlying Lawsuit.

25.     At no time has David Meyer, or Finish Line acting on behalf of David Meyer as his employer, sought insurance coverage from Liberty Mutual under the Liberty Mutual Policies

for the allegations against David Meyer in the Underlying Lawsuit. Liberty Mutual has named David Meyer as a defendant in this declaratory judgment action to answer as his interests may appear.

26. Liberty Mutual, after conducting an investigation regarding Finish Line's request for insurance coverage for the Underlying Lawsuit under the Liberty Mutual Policies and applicable law, has declined insurance coverage to Finish Line.

## COUNT I – DECLARATION OF NO COVERAGE UNDER THE LIBERTY MUTUAL POLICIES

27. Liberty Mutual incorporates by reference the preceding paragraphs as though fully set forth in this Count I.

28. Liberty Mutual seeks a declaration from this Court confirming that there is no insurance coverage for Finish Line with respect to the Underlying Lawsuit under the Liberty Mutual Policies and applicable law.

29. There is no insurance coverage owed to Finish Line for the Underlying Lawsuit, in part, because the allegations in the Underlying Lawsuit do not meet the requirements of the insuring agreement provisions in the Liberty Mutual Policies. Specifically, "bodily injury" arising out of an "occurrence," as those terms are defined in the Liberty Mutual Policies and under applicable law, has not been alleged in the Underlying Lawsuit. Liberty Mutual seeks a declaration of no coverage from the Court in this regard.

30. There is no insurance coverage owed to Finish Line because even if the allegations in the Underlying Lawsuit meet the requirements of the insuring agreement, insurance coverage is excluded for Finish Line for "bodily injury" and "personal and advertising injury" under the Recording and Distribution of Material or Information in Violation of Law Exclusion Endorsement and the Employment-Related Practices Exclusion Endorsement, among

other potentially applicable exclusions in the Liberty Mutual Policies. Liberty Mutual also seeks a declaration of no coverage from the Court in this regard.

31.  The Liberty Mutual Policies also contain other provisions that may limit or exclude insurance coverage for Finish Line, in whole or in part, for the Underlying Lawsuit. Liberty Mutual has and continues to fully and completely reserve its rights under the Liberty Mutual Policies and applicable law to decline coverage to Finish Line for the Underlying Lawsuit as warranted. Upon information and belief, insurance coverage for Finish Line with respect to the Underlying Lawsuit may also be limited or precluded, in whole or in part, as follows:

a. Coverage exists under the Liberty Mutual Policies for "personal and advertising injury" caused by an offense arising out of Finish Line's business. To the extent that the Underlying Lawsuit does not involve an offense arising out of Finish Line's business, coverage is not available to Finish Line for such allegations under the Liberty Mutual Policies.

b. Coverage exists under the Liberty Mutual Policies for "personal and advertising injury" as defined by the Liberty Mutual Policies. To the extent that the allegations in the Underlying Lawsuit are for injuries that do not meet the definition of "personal and advertising injury" in the Liberty Mutual Policies, coverage is not available to Finish Line for such allegations in the Underlying Lawsuit.

c. Coverage is excluded under the Liberty Mutual Policies for "bodily injury" to an "employee" of the insured arising out of and in the course of employment by the insured or performing duties related to the conduct of the insured's business. This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury. To the extent that the Underlying Lawsuit alleges such injuries, coverage is excluded under the Liberty Mutual Policies.

d. Coverage is excluded under the Liberty Mutual Policies for "bodily injury" that is expected or intended from the standpoint of the insured. To the extent that the injuries alleged in the Underlying Lawsuit were expected or intended from the standpoint of the insured, coverage is excluded under the Liberty Mutual Policies.

e. Coverage is excluded under the Liberty Mutual Policies for "bodily injury" arising out of "personal and advertising injury," as those terms are defined in the Liberty Mutual Policies. To the extent that the Underlying Lawsuit alleges such injuries, coverage is excluded under the Liberty Mutual Policies.

f. Coverage is excluded under the Liberty Mutual Policies for "personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury." To the extent that the Underlying Lawsuit alleges such injuries, coverage is excluded under the Liberty Mutual Policies.

g. Coverage is excluded under the Liberty Mutual Policies for "personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period. To the extent that the Underlying Lawsuit alleges such injuries, coverage is excluded under the Liberty Mutual Policies.

h. Coverage is excluded under the Liberty Mutual Policies for "personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured. To the extent that the Underlying Lawsuit alleges such injuries, coverage is excluded under the Liberty Mutual Policies.

i. The Liberty Mutual Policies contain a Discrimination Endorsement that adds "unlawful discrimination" to the definition of "personal and advertising injury" under certain limited circumstances as stated in the Endorsement. To the extent that the allegations in the Underlying Lawsuit do not qualify as unlawful discrimination, such allegations may not qualify as "personal and advertising injury" under the Liberty Mutual Policies.

j. The Liberty Mutual Policies contain a Designated Location(s) Aggregate Subject to General Aggregate Limit Endorsement which limits the insurance coverage available under the Liberty Mutual Policies for damages caused by "occurrences" which can be attributed only to operations at a single location.

k. The Liberty Mutual Policies contain a Deductible – Damages and Supplementary Payments Endorsement that provides that Finish Line is responsible up to the Deductible Amount shown in the schedule for the total of all supplementary payments, including defense costs, and all damages because of "bodily injury" resulting from any one "occurrence" and all "personal and advertising injury" sustained by any one person. Liberty Mutual has no obligation under the Liberty Mutual Policies until such Deductible has been properly satisfied by Finish Line.

l.     The Liberty Mutual Policies do not provide insurance coverage for the Underlying Lawsuit to the extent that any insured has failed to comply with any of the conditions in the Liberty Mutual Policies, as compliance with such conditions is a prerequisite to coverage.

m.     There is no insurance coverage under the Liberty Mutual Policies for a loss that was known, in progress or otherwise was not fortuitous at the time of issuance of the Liberty Mutual Policies.

n.     There is no insurance coverage under the Liberty Mutual Policies for declaratory, injunctive, or other equitable relief as such relief does not qualify as sums that the insured becomes legally obligated to pay as damages.

o.     There is no insurance coverage under the Liberty Mutual Policies for punitive damages, exemplary damages, fines or other civil penalties to the extent they are sought in the Underlying Lawsuit.

32.     Liberty Mutual also relies upon all additional policy terms, definitions, exclusions, conditions, and endorsements not specifically identified in paragraph 31 herein that potentially limit or preclude insurance coverage to Finish Line under the Liberty Mutual Policies for the Underlying Lawsuit to the extent determined by Liberty Mutual's further investigation of such claim or as part of this declaratory judgment action.

## REQUEST FOR RELIEF

WHEREFORE, Liberty Mutual respectfully requests and prays for the following relief:

a.     A declaration that Liberty Mutual owes no duty to defend Finish Line under the Liberty Mutual Policies for the Underlying Lawsuit;

b.     A declaration that Liberty Mutual owes no duty to indemnify Finish Line under the Liberty Mutual Policies for the Underlying Lawsuit;

c.     A declaration that Liberty Mutual is entitled to the fees and costs arising from this action, including, without limitation, reasonable attorney's fees; and

d.     A declaration or an award to Liberty Mutual of other further relief that this Court deems just, proper and equitable.

## JURY DEMAND

Plaintiff Liberty Mutual hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38 and 39.

                                                Respectfully submitted,

                                                PLUNKETT COONEY

                                                */s/ Charles W. Browning*

                                                CHARLES W. BROWNING, ESQ.
                                                LAUREN MCMILLEN, ESQ.
                                                PLUNKETT COONEY
                                                38505 Woodward Avenue, Suite 2000
                                                Bloomfield Hills, Michigan  48304
                                                Phone:  (248) 594-6255
                                                ***Attorneys for Plaintiff Liberty Mutual Fire Insurance Company***

Dated:  November 4, 2011